### BONHAM v. BOUISS.

### No. 11454.

Circuit Court of Appeals, Ninth Circuit.

May 7, 1947.

J. Charles Dennis, U. S. Atty., John E. Belcher, Asst. U. S. Atty., and John P. Boyd, Immigration and Naturalization Service, all of Seattle, Wash., for appellant.

Leo Levenson, Irvin Goodman and Samuel Jacobson, all of Portland, Or., and John Caughlan, of Seattle, Wash., for appellee.

Wirin, Kido & Okrand, of Los Angeles, Cal. (Nanette Dembitz, of New York City, of counsel), amicus curiae, for Japanese American Citizens League.

Before MATHEWS, HEALY and BONE, Circuit Judges.

BONE, Circuit Judge.

Appellee is a woman of one-half white and one-half Japanese blood. She was born in Japan and continued to live there until she came to the United States under the conditions below indicated. During the American occupation of that country she met John Bouiss, then a citizen of the United States serving in our Armed Forces. They cohabited and although appellee's moral character is not in issue the record shows that in Japan she also openly engaged in immoral practices with various other men.

Subsequently John Bouiss left Japan aboard a United States vessel, and appellee somehow secured unauthorized passage upon the same ship. On this voyage they were married upon the high seas and upon arrival in Seattle, Washington, appellee was taken to the immigration station where she was given a hearing before a Board of Special Inquiry which denied her permission to enter the United States for the reason that she was found to be an immigrant alien not in possession of a valid immigration visa, and an alien ineligible to citizen-

ship and not entitled to enter the United States under any exception of paragraph (c), section 13 of the Immigration Act of 1924, 8 U.S.C.A. § 213(c). The Board of Immigration Appeals in Washington, D. C., affirmed the decision on the ground that appellee was ineligible to citizenship.

Appellee then petitioned the district court for a writ of habeas corpus alleging that the exclusion order was void in that as the lawful wife of a citizen of the United States serving in the Armed Forces of the United States she was lawfully admissible as a non-quota immigrant under Public Law 271, approved December 28, 1945, 8 U.S.C.A. § 232. The district court granted the writ and ordered appellee released from detention. The Director of Immigration appeals from that order.

The important question presented by this appeal is whether appellee, although ineligible to citizenship by reason of race, is admissible as a non-quota immigrant because she is the wife of a citizen of the United States serving in, or having an honorable discharge from, our Armed Forces during the Second World War. Since we conclude that appellee is not eligible to citizenship by reason of her Japanese blood,[1] she is not admissible as a non-quota immigrant under the Immigration Act of 1924, as amended, 8 U.S.C.A. §§ 213 and 224, *unless* Public Law 271 has somehow removed that bar to her entry. The pertinent portion of Public Law 271, 8 U.S.C.A. § 232, reads as follows:

"Notwithstanding any of the several clauses of section 136 of this title, *exclud-ing physically and mentally defective aliens*, and *notwithstanding the documentary requirements* of any of the immigration laws or regulations, Executive orders, or Presidential proclamations issued thereunder, alien spouses or alien children of United States citizens serving in, or having an honorable discharge certificate from the armed forces of the United States during the Second World War shall, *if otherwise admissible under the Immigration laws* * * * be admitted to the United States * * *". [Emphasis supplied.]

The lower court was apparently of the view and appellee contends[2] that Congress intended to protect this type of family relationship, that Constitutional policy eschews racial discrimination, and that these considerations require us to give the statute an interpretation the effect of which would be to write out of the statute the words, "if otherwise admissible under the immigration laws".

We cannot agree with this contention. While the legislation was designed to facilitate the admission of spouses and children acquired by members of our Armed Forces while overseas, it is clear that Congress did not go further and provide complete exemption from *all* immigration requirements. The italicized portions of the statute above quoted clearly demonstrate that Congress intended to let down only two bars—one as to physical and mental defects and the other as to documentary requirements. All others are retained by the phrase "if otherwise admissible under the immigration laws".

---

[1] 8 U.S.C.A. § 703 defines racial limitations upon naturalization as follows: "The right to become a naturalized citizen under the provisions of this [Act] shall extend only to white persons, persons of African nativity or descent, descendants of races indigenous to the Western Hemisphere, and Chinese persons or persons of Chinese descent * * *".

The applicable regulations are:

8 Code Fed. Reg. 350.1 "Racial eligibility; general classes. Except as otherwise provided in this Part, naturalization under the provisions of the Nationality Act of 1940, 8 U.S.C.A. § 703, is limited to white persons, persons of African nativity or descent, descendants of races indigenous to the Western Hemisphere, and Chinese persons or persons of Chinese descent * * *".

350.2 "Persons of mixed racial bloods. A person of mixed racial bloods, to be eligible to naturalization within the limitations of § 350.1 of this part, must be —(a) a person who is of as much as one-half blood of the white race, African nativity or descent, a race indigenous to the Western Hemisphere, or a combination of any such races, and *is not of as much as one-half blood of any other race or combination of races*." [Emphasis supplied.]

[2] The arguments of amicus curiae are herein considered as if made by appellee.

Important as asserted family considerations and claimed (Japanese) racial discrimination may be, we must follow the obvious and plain command of the statute. Appellee is not "otherwise admissible under the immigration laws" and for this reason the decision of the administrative board as entered and approved by the Board of Immigration Appeals was correct.

The order of the court below is reversed.